78 F.3d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel COSTA, Plaintiff-Appellant,
v.
CAMPAGNIE GENERALE MARITIME ET FINANCIERE; Balandra
Schiffahrts-Gesellschaft MBH & Co., KG,
Defendants-Appellees.
 No. 94-55726.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 5, 1996.
Decided Feb. 27, 1996.
 
 Before: BEEZER, BRUNETTI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Daniel Costa, an injured longshoreman, appeals a grant of summary judgment for defendant vessel owner, Balandra Schiffahrts-Gesellschaft MBH & Co., KG ("Balandra"). Costa alleges that Balandra negligently turned over an unreasonably safe vessel for loading and is therefore liable pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950, for injuries Costa sustained working on the vessel. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, and we reverse.
 
 
 3
 * On July 25, 1992, Costa was injured as he worked as a longshoreman on the CGM Lorraine, a vessel owned by Balandra. Costa tripped over a coaming[1] and fell into a uncovered hatch opening. In his deposition, Costa testified that as he fell, he injured his right leg as it struck the deck. He further testified that he injured his back and neck and bruised and scraped under his arms. Costa contends that Balandra was negligent because it failed to paint the coaming a contrasting color to the deck and because it failed to cover the hatch opening.
 
 
 4
 Balandra moved for summary judgment on two grounds, and the district court granted the motion without explanation. Balandra argued that Costa failed to raise a genuine issue of material fact because (1) it was undisputed that Costa had a reasonable alternative to tripping over the coaming, and (2) the absence of contrasting paint and a hatch covering were, as a matter of law, insufficient to establish negligence.
 
 II
 
 5
 Pursuant to section 905(b) of the Longshore and Harbor Workers' Compensation Act, the owner of a vessel, in limited circumstances, may be liable for injuries suffered by longshoremen. One of the duties that the vessel owner has is the "turnover duty of safe condition." Thomas v. Newton Int'l Enter., 42 F.3d 1266, 1268 (9th Cir.1994). When the vessel owner turns the vessel over to a stevedore, it must be free of any hazards that "present[ ] an unreasonably dangerous work environment to experienced longshoremen exercising reasonable care." Martinez v. Korea Shipping Corp., 903 F.2d 606, 610 (9th Cir.1994). Whether an unreasonably safe condition exists is a question of fact and is "[g]enerally ... inappropriate for resolution at the summary judgment stage." Thomas, 42 F.3d at 1269.
 
 
 6
 * Balandra's first argument in support of summary judgment is that Costa failed to raise an issue of fact regarding an essential element of his case. Balandra contends that Costa was required to show that he had no reasonable alternative to avoid tripping over the coaming, and that Costa failed to make any showing on this issue. Balandra cites Ludwig v. Pan Ocean Shipping Co., 941 F.2d 849 (9th Cir.1991) to support his argument that such an element is required.
 
 
 7
 We recently rejected this argument. In Thomas, we considered Ludwig and held that "whether a hazard is easily avoidable is simply part of the larger question whether a hazard is unreasonably dangerous." 42 F.3d at 1270 (holding that uncovered hatch could be unreasonably dangerous although plaintiff "could have stepped to the right and avoided the open hatch instead of stepping to the left and falling through it"). Costa was not required to show that he did not have a reasonable alternative to tripping over the coaming. Instead, "whether or not a hazard is so easily avoidable or easily rectifiable that given all of the circumstances present it could not constitute an unreasonably dangerous condition must be factually evaluated on a case-by-case basis." Id. at 1271.
 
 B
 
 8
 Balandra's second argument for summary judgment was that the absence of contrasting paint and the absence of a hatch cover were, as a matter of law, insufficient to establish negligence. We disagree. Whether the lack of paint or the lack of a hatch cover were hazards that were "unreasonably dangerous to longshore workers [is] a question of fact for the jury." Thomas, 42 F.3d at 1269. Costa introduced the affidavit of Herbert Chatterton, a marine architect, that stated that the lack of paint and a hatch cover were unreasonably dangerous conditions for longshore workers.[2] Accordingly, he raised an issue of fact for the jury.
 
 
 9
 Balandra argues that despite Chatterton's affidavit, summary judgment was appropriate because the undisputed facts showed that the paint and hatch cover would not have prevented Costa's injury. Balandra argues that because Costa was not looking down, the paint would not have prevented the fall. Whether contrasting paint would have caught Costa's eye is a causation question for the jury to decide. Balandra also argues that because Costa's knee hit the deck before he fell through the hatch, the lack of a hatch cover was immaterial to his injury. Costa also complained of an injured neck and bruised and scraped arms, however, and the cause of these injuries is a question for the jury.
 
 III
 
 10
 To avoid summary judgment, Costa was not required to introduce evidence that he had no reasonable alternative to avoid tripping over the coaming. Costa merely had to introduce evidence that the hazards presented an unreasonably dangerous work environment for experienced longshoremen exercising reasonable care. Costa did so by introducing his expert's affidavit. Material issues of fact exist as to whether the lack of contrasting paint and a hatch covering constituted an unreasonably dangerous work environment and as to whether these hazards caused Costa's injuries. The district court erred in granting summary judgment.
 
 
 11
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 A coaming is a "raised frame of wood or steel around a hatchway, skylight, or other opening in the deck of a ship to prevent water from running below." Webster's Third New International Dictionary Unabridged 432 (1981)
 
 
 [2]
 Balandra argues that Chatterton's affidavit should not be considered because he was not a longshoreman and thus could not be an expert on what is unreasonably dangerous for longshoremen. The district court made no such finding, and we will not do so here. On its face, Chatterton's affidavit raises a material issue of fact